**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DAVID SANDERS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:25-cv-195-KHJ-MTP**

**WARREN COUNTY** **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for consideration of Plaintiff David Sanders's *in forma pauperis* status. Having considered the record and applicable law, the undersigned recommends that the Court revoke Sanders's conditional *in forma pauperis* status, dismiss this action without prejudice, and instruct the Clerk of Court to reopen this action if the filing and administrative fees are paid within 30 days of the dismissal order.

## BACKGROUND

### *Sanders I*

On August 28, 2024, Sanders filed a prior action—*Sanders v. Warren County*, No. 3:24-cv-507-KHJ-MTP ("*Sanders I*")—in this Court. In that action, Sanders alleged that on April 2, 2024, he was released from custody of the Mississippi Department of Corrections ("MDOC") and transported to the Warren County jail due to a detainer. *See Sanders I*, 3:24-cv-507-KHJ-MTP, [1] at 2. Sanders allegedly warned jail officials that he should not be housed in the jail's B-Zone because some of the inmates in that zone wanted to harm him. *Id*. Despite this warning, Sanders was allegedly placed in B-Zone and attacked multiple times by six unknown inmates, which resulted in severe injuries. *Id*. at 3. Thereafter, Sanders was released from custody, but he was arrested for grand larceny two months after his release. *Id*. at 4.

Once he returned to MDOC custody and was housed at the Carroll County Correctional Facility, Sanders brought claims against Warren County and others alleging that the defendants failed to protect him from the inmates' attacks in the Warren County jail and failed to provide adequate medical care following the attacks. *Id*. at 8-9. Sanders also alleged that his arrest for grand larceny was in retaliation for contacting attorneys. *Id*. at 4.

Along with his complaint in *Sanders I*, Sanders also filed a motion for leave to proceed *in forma pauperis*. Prior to seeking to proceed IFP in *Sanders I*, however, Sanders had accumulated three strikes under 28 U.S.C. § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . ., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Noting the strikes accumulated by Sanders and noting that he had failed to allege imminent danger of serious physical injury, the Court denied Sanders's motion for leave to proceed *in forma pauperis* and dismissed the action without prejudice on October 23, 2024. *See Sanders I*, 3:24-cv-507-KHJ-MTP, [18].

***Sanders II***

Several months later, MDOC transferred Sanders to the Warren County jail due to pending criminal charges, and on March 20, 2025, Sanders filed the instant action—*Sanders II*—against Warren County once again asserting claims arising from the alleged assault by six inmates in April of 2024. *See* [1] at 1, 3. Sanders also alleged that he was in danger because he was "at the facility where the people assaulted me . . . [and] where the officers allowed it to happen." *Id*. at 5. Additionally, Sanders alleged that his cellmate claimed to be the person who "ordered his gang brothers to jump" Sanders. *Id*. at 17.

Along with his Complaint [1], Sanders also filed a Motion for Leave to Proceed *in forma pauperis* [2]. As previously mentioned, Sanders has accumulated three strikes under § 1915(g), but Sanders argued that the "imminent danger" exception applies here. The Court conditionally granted Sanders's request to proceed *in forma pauperis* for the limited purpose of determining whether he meets the "imminent danger" exception. *See* Order [21].

The Court directed Warren County to file a response addressing whether Sanders was in imminent danger of serious physical harm at the time he filed this action. *See* Order [30]. Warren County filed a Response [49] arguing that Sanders was not in imminent danger when he filed this action. Thereafter, the Court directed Sanders to file a response, along with any necessary exhibits, supporting his claim of imminent danger. *See* Order [50]. After Sanders failed to file a response, the Court entered an Order [54] directing Sanders to show cause why this action should not be dismissed. Sanders failed to respond to the Order to Show Cause [54], and the Court entered a second Order to Show Cause [56].

On December 31, 2025, Sanders filed a Motion for Extra Time to Answer Orders [58]. In this Motion [58], Sanders requested an extension of time to respond to the Court's Orders. The Court granted the Motion [58] and directed Sanders to file his responses to Order [50] and Order to Show Cause [56] on or before January 20, 2026. Sanders did not file a response to either Order.

In his Motion for Extra Time to Answer Orders [58], however, Sanders included argument in support of his claim of imminent danger. The undersigned will consider this argument in determining whether Sanders's conditional *in forma pauperis* status should be revoked.

## ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that a prisoner's privilege to proceed *in forma pauperis* must be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). The court must consider all actions which were dismissed as frivolous, malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). Denial of *in forma pauperis* status under the three strikes provision is a:

> matter[ ] of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures. . . . Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel nor penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Sanders has, on at least six prior occasions, brought civil actions in federal courts while he was incarcerated. Three were dismissed for failure to state a claim. *See Sander v. Coleman*, 3:22-cv-571 (S.D. Miss. Apr 27, 2023), *Sanders v. Itawamba County*, No. 1:18-cv-116 (N.D. Miss. Aug. 13, 2018), and *Sanders v. Itawamba County*, No. 1:17-cv-217 (N.D. Miss. Apr. 12, 2018); *see also Sanders v. Itawamba County*, No. 18-60636 (5th Cir. Jul. 9, 2019) (citing the two strikes from the Northern District of Mississippi). These dismissals amount to three strikes under § 1915.

Sanders, however, claimed to be in imminent danger at the Warren County Jail, and the imminent danger exception allows a prisoner with three or more strikes to proceed *in forma*

*pauperis* in cases where he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Sanders was transferred from the Warren County jail to the Central Mississippi Correctional Facility ("CMCF") on April 2, 2025, and now, he is not housed in the Warren County jail, or any other penal institution. *See* Motion [10], Notice [57]. But, "the determination as to whether a prisoner is in 'imminent danger' must be made as to the time that he seeks to file IFP his complaint or notice of appeal." *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998). "[T]he imminent-danger exception applies only to impending—not past—harms." *Watts v. Pickett*, 2018 WL 1865175, at *1 (Apr. 18, 2018) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

"Imminent danger means a 'genuine emergency where time is pressing and a threat is real and proximate.'" *Watts v. Pickett*, 2018 WL 1865175, at *1 (S.D. Miss. Apr. 18, 2018) (quoting *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "conclusional allegations are insufficient to show [that a plaintiff is] under imminent danger of serious physical injury at the time that he filed his complaint." *Smith v. Dir., Teas Dep't of Criminal Justice*, 258 Fed. Appx. 632, 633 (5th Cir. 2007) (citing *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998)). Instead, "a complainant must offer specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Jackson v. U.S.*, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016). "The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger." *Jones v. Louisiana*, 2018 WL 9877960, at *1 (M.D. La. Aug. 15, 2018).

In his Complaint [1], Sanders complained that he was in imminent danger at the Warren County jail because he was there with the people who assaulted him in April of 2024 and the officers who allowed the assaults to occur. *See* [1] at 5. He also alleged that there were no cameras in the jail and that the guards did not perform security or welfare checks on the inmates. *Id*. Additionally, he alleged that his cellmate claimed to be the person who "ordered his gang brothers to jump" him. *Id*. at 17. According to Sanders, his cellmate also said he would have his gang brothers "finish the job" when Sanders returned to MDOC custody. *See* IFP Motion [2] at 1. On March 27, 2025, Sanders filed a letter stating that on March 25, 2025, during a recreation period, he came into contact with one of the inmates who previously assaulted him. *See* [4] at 1. According to Sanders, the inmate talked to Sanders "about not testifying against" the inmate. *Id*.

In Motion [58], Sanders stated that the family of some of the inmates who assaulted him live in Warren County and that a Vicksburg police officer told him to be careful about where he goes. *See* [58] at 1.

In its Response [49], Warren County asserts that Sanders was not housed in the general population with the inmates who allegedly assaulted him and argue that Sanders has not alleged facts sufficient to establish that he was under threat of imminent danger of serious physical injury when he filed this action. *See* [49] at 5. Warren County points out that Sanders did not allege that he was under the supervision of any of the guards who allegedly allowed the prior assaults. *Id*. Warren County also notes that by Sanders's own telling, his cellmate did not threaten immediate harm and did not threaten any harm at the Warren County jail. *Id*.

Additionally, Warren County points out that Sanders's transfer from the Warren County jail to CMCF in April of 2025 did not end his claims of imminent danger. *Id*. at 6. Indeed, on

May 27, 2025, Sanders filed a letter stating that he was in danger at CMCF because a guard assaulted him and the inmates who previously assaulted him were at CMCF. *See* [22].

"Prisoners cannot exempt themselves from the operation of § 1915 by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019). It appears that Sanders is attempting to do just that. According to Sanders, he is in danger whether he is in the Warren County jail, in MDOC custody (no matter which facility), or out of custody. But, for purposes of Sanders's IFP status, the Court is concerned with the danger faced by Sanders at the Warren County jail at the time he filed this action.

Concerning that danger, Sanders asserts that he was in the same jail as the inmates who previously assaulted him, talked to one of the inmates who assaulted him, and received a vague, undated threat from his cellmate. Even if the cellmate threatened Sanders, it was a vague threat of future harm when Sanders returned to MDOC custody, not a threat of harm while he remained in the Warren County jail.

Sanders does not allege that he faced a threat of serious physical injury while at the Warren County jail. *See Watts*, 2018 WL 1865175, at *2 (holding that a prisoner's subjective belief that his assailants remained a threat was insufficient to show imminent danger); *Kidd v. Livingston*, 2018 WL 2387953, at *1 (E.D. Tex. May 24, 2018) (holding that allegations of a prior attack and conclusory allegations of continual threats do not demonstrate that a prisoner is in imminent danger); *Jones*, 2018 WL 9877960, at *1 ("The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.").

As Sanders has failed to demonstrate that he was under an imminent threat of serious physical danger at the time he filed this Complaint, he is not entitled to *in forma pauperis* status.

**RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Sanders's *in forma pauperis* status be REVOKED and that this matter be DISMISSED without prejudice. The undersigned further recommends that the Clerk of Court be directed to reopen this civil action if Sanders pays the filing fee within 30 days of entry of the Court's dismissal order.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 27th day of July, 2026.

s/ Michael T. Parker
United States Magistrate Judge