UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID SANDERS PLAINTIFF

V. CIVIL ACTION NO. 3:25-CV-195-KHJ-MTP

WARREN COUNTY DEFENDANT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [61] Report and Recommendations. For the reasons below, the Court adopts the [61] Report and dismisses this case without prejudice.

Pro se plaintiff David Sanders ("Sanders") sued Warren County related to an alleged assault at the jail. Compl. [1]. Sanders has, on at least six prior occasions, brought civil actions in federal courts while he was incarcerated. Three were dismissed for failure to state a claim. *See Sanders v. Coleman*, 3:22-cv-571 (S.D. Miss. Apr. 27, 2023), *Sanders v. Itawamba County*, No. 1:18-cv-116 (N.D. Miss. Aug. 13, 2018), and *Sanders v. Itawamba County*, No. 1:17-cv-217 (N.D. Miss. Apr. 12, 2018); *see also Sanders v. Itawamba County*, No. 18-60636 (5th Cir. Jul. 9, 2019) (citing the two strikes from the Northern District of Mississippi). These dismissals amount to three strikes under 28 U.S.C. § 1915.

A prisoner with three or more strikes may still proceed in forma pauperis ("IFP") where he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Sanders says he is imminent danger at the Warran County jail so the

Court should allow him to proceed IFP here. IFP Mots. [2, 3, 12]. The Court conditionally granted Sanders IFP status solely to determine whether he meets the imminent danger exception. IFP Order [3] at 2.

The [61] Report notes that "Sanders does not allege that he faced a threat of serious physical injury while at Warren County jail." [61] at 7. And because Sanders did not show he was under imminent threat of serious physical danger when he filed this suit, he is not entitled to IFP status. *Id.* at 8. Thus, the [61] Report recommends revoking Sanders's IFP status and dismissing this case without prejudice. *Id.*

Written objections to the [61] Report were due by August 10, 2026. *See id.* at 8. The [61] Report notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* No party objected to the [61] Report, and the time to do so has passed.

The Court must review de novo a magistrate judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). When no party timely objects to the report, the Court applies "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Finding the [61] Report neither clearly erroneous, contrary to law, nor an abuse of discretion, the Court revokes Sanders's IFP status, adopts the [61] Report, and dismisses this case without prejudice. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the

Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 14th day of August, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE